IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | Case Number: 3:17-CR-00222-M |
| TERRY LYNN ANDERSON (1), | § § | |
| Defendant. | § § § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENSE'S OBJECTION TO GARNISHEE'S ANSWER
AND MOTION TO QUASH, AND GRANTING GOVERNMENT'S
MOTION TO STRIKE AND FOR FINAL ORDER OF GARNISHMENT**

Before the Court are the Objection to Answer of Garnishee and Motion to Quash Writ of Garnishment (ECF No. 236), filed by Defendant Terry Anderson and his wife, Winnie Anderson, and the Government's Motions to Strike and for Final Order of Garnishment (ECF No. 239). For the following reasons, the Objection to Answer of Garnishee and Motion to Quash Writ of Garnishment (ECF No. 236) are **DENIED**, and the Motion to Strike and for Final Order of Garnishment (ECF No. 239) are **GRANTED**.

I.   **Factual and Procedural Background**

On March 8, 2018, the Defendant was found guilty of health care fraud and identity theft. (ECF Nos. 99, 184). On August 14, 2019, the Court ordered Defendant to pay restitution in the amount of $13,688,214.34, which apparently remains unpaid.

On March 23, 2020, the Government served a writ of garnishment on Wells Fargo Bank, N.A., to secure property in which Defendant and/or his wife, Winnie Anderson, have a substantial nonexempt interest.

On April 6, 2020, Wells Fargo answered that it held the following:

  a.  $15,058.04 in the names of Terry and Winnie Anderson ("Account 0785");

  b.  $10,305.22 in the names of Terry and Winnie Anderson ("Account 3052"); and

  c.  $8,290.74 in the names of Terry and Winnie Anderson, and Angi Abercrombie ("Account 2347").[1]

(*See* ECF Nos. 233 at 3, 238 at 3).

On April 23, 2020, Terry and Winnie Anderson ("the Andersons") objected to Wells Fargo's answer and moved to quash the Writ of Garnishment, and later filed a declaration of Winnie in support. (ECF Nos. 236, 238). The declaration attaches purported copies of monthly bank statements for each account. (ECF No. 238 at 3). It also states that Account 2347 includes Winnie Anderson's earnings, as well as proceeds from the sale of property owned by the Andersons, that Account 0785 contains funds from social security payments to the Andersons, and that Account 3052 consists of "various funds," without further specification other than identifying the last deposit as a $24,000 transfer from Account 0785. (*Id.* at 3–4).

On May 14, 2020, the Government moved to strike the exhibits attached to Winnie's declaration and for entry of a final order of garnishment. (ECF No. 239).

## II. Legal Standard

Although federal law creates a lien on Terry Anderson's property, state law defines the property interests to which the lien attaches. *United States v. Elashi*, 789 F.3d 547, 548–49 (5th Cir. 2015). Under Texas law, marital property is classified as either separate or community. Separate property is property owned by the spouse before marriage, property acquired by the spouse during the marriage by gift, devise, or descent, and property which represents a recovery for personal injuries sustained by the spouse during marriage, except any recovery for loss of

---

[1] Wells Fargo did not provide redacted account numbers for any of the accounts, but the defense refers to them as 0785, 3052, and 2347, so the Court uses these numbers. (ECF No. 236 at 1–2).

earning capacity during marriage. Tex. Fam. Code § 3.001. Community property is all other property "acquired by either spouse during marriage." *Id.* § 3.002. Property possessed by either spouse during marriage is presumed to be community property. *Id.* § 3.003(a).

Community property is further classified as either solely managed or jointly managed. Solely managed community property is property that a spouse would have owned if he or she were single, namely personal earnings, revenue from separate property, and recoveries for personal injuries. *Id.* § 3.102(a). A spouse has sole management, control, and disposition of his or her sole management community property. All other community property is considered jointly managed community property, and is subject to the joint management, control, and disposition of the spouses unless they agree otherwise. *Id.* § 3.102(c).

The Government's lien attaches to community property, in the following manner: (1) all of Defendant's solely managed community property; (2) all of the Andersons' jointly managed community property; and (3) one-half of Winnie Anderson's solely managed community property. *United States v. Loftis*, 607 F.3d 173, 178–79 (5th Cir. 2010). It does not attach to separate property of anyone other than the Defendant. *Id.* However, "where the husband or wife permits his or her separate property to become so commingled with community property that it cannot be identified, the separate property so commingled becomes community property." *Phillips v. Vitemb*, 235 F.2d 11, 16 (5th Cir. 1956).

### III. Analysis

#### A. Government's Motion to Strike Exhibits 1 and 2 to Winnie Anderson's Declaration

Winnie Anderson's declaration references two exhibits. Exhibit 1 contains what purport to be copies of monthly bank statements for Accounts 2347 and 0785, from January 2018 through April 2020, and Exhibit 2 contains purported copies of the past three quarterly

statements for Account 3052, from September 2019 through March 2020. (ECF No. 238 at 1). The Government seeks to strike Exhibits 1 and 2 as inadmissible hearsay.

The business records exception to the hearsay rule requires that either the custodian of the business records or "other qualified witness" lay a foundation before such records are admitted. Fed. R. Evid. 803(6)(D). A qualified witness must be able to explain the system of record-keeping. *United States v. Brown*, 553 F.3d 768, 792 (5th Cir. 2008). Because there is no evidence before the Court that Winnie Anderson is familiar with Wells Fargo's record-keeping procedures, she is not a qualified witness, and thus the business records exception is inapplicable.

The defense argues that the bank statements are admissible under the residual hearsay exception. "The residual hearsay exception is to be used only rarely, in truly exceptional cases." *United States v. Walker*, 410 F.3d 754, 757 (5th Cir. 2005). It applies to statements "not specifically covered" by another exception, but which possess "equivalent circumstantial guarantees of trustworthiness." Fed. R. Evid. 807 Advisory Committee Note. When a statement is a "near-miss" of one of the other exceptions, a court should consider the reasons the statement does not qualify for that exception. *Id.* One of the requirements of the residual hearsay exception is that "the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." Fed. R. Evid. 807(a)(2).

Here, no explanation is provided as to why the Andersons did not secure a custodian or other qualified witness to lay a foundation for the bank statements under the business records exception, nor why doing so would exceed "reasonable efforts." *See id.* There is also no evidence before the Court of exceptional circumstances that would justify application of the

residual exception to the hearsay rule. Thus, Exhibits 1 and 2 to Winnie Anderson's declaration are inadmissible hearsay.

### B. Account 0785

The Andersons claim that Account 0785 consists entirely of Terry and Winnie Anderson's social security benefit payments, exempt from garnishment under the Social Security Act, 42 U.S.C. Section 407. (ECF No. 236 at 2). Although the Social Security Act generally provides that benefits payments under the Act are not subject to garnishment, 18 U.S.C. Section 3613(a) expressly provides that the United States can enforce a judgment notwithstanding that section of the Social Security Act. *United States v. Rudluff*, No. 3:18-CR-101-D(01), 2019 WL 5256872, at *1 (N.D. Tex. Oct. 16, 2019); *United States v. Lockhart*, No. 3:09-CR-247-P (01), 2014 WL 12503340, at *5 (N.D. Tex. Mar. 25, 2014), *aff'd*, 584 F. App'x 268 (5th Cir. 2014). Defendants do not allege that any of the benefit payments are Winnie Anderson's separate property. Thus, all of the funds in Account 0785 are subject to garnishment as jointly managed community property.

### C. Account 3052

Winnie Anderson asserts that Account 3052 includes a bequest that is her separate property, and thus is not subject to garnishment. (ECF Nos. 236 at 2, 238 at 2–3). To overcome the presumption that property acquired during the marriage is community property, Winnie Anderson must trace the property claimed to be separate. *Whorrall v. Whorrall,* 691 S.W.2d 32, 35 (Tex. App.–Austin 1985, pet. dism'd) (citing *McKinley v. McKinley,* 496 S.W.2d 540, 543 (Tex. 1973)). Tracing requires establishing the separate origin of the property through clear and convincing evidence showing the time and means by which Winnie Anderson originally obtained

possession of the property. *Ganesan v. Vallabhaneni,* 96 S.W.3d 345, 354 (Tex. App.–Austin 2002, pet. denied).

The burden of tracing is difficult to sustain. *In re Marriage of Everse*, 440 S.W.3d 749, 751 (Tex. App.–Amarillo 2013, no pet.). Testimony alone is generally insufficient to rebut the community property presumption. *Id.* Any doubt as to the character of property should be resolved in favor of the community estate, particularly when those who are seeking to overcome the presumption have superior access to the documentation that would eliminate any uncertainty as to the character of the property. *United States v. Ingram*, No. 4:04-CV-868-A, 2005 WL 8159132, at *4 (N.D. Tex. Feb. 14, 2005), *aff'd*, No. 05-10257, 2005 WL 2675000 (5th Cir. Oct. 20, 2005).

Defendants assert that the bequest was made "to Winnie [Anderson] from Lou Ella Anderson after her death . . . ." (ECF No. 236 at 2). Because Exhibits 1 and 2 are inadmissible, the only evidence before the Court of a bequest is Winnie Anderson's declaration, which does not state the amount or date of the bequest, and acknowledges that Account 3052 contains funds other than the bequest. (ECF No. 238 at 2).

The declaration of Winnie Anderson does not establish that the alleged bequest—in an unknown amount—remains her separate property. Winnie Anderson has superior access to documentation that would eliminate any doubt as to the character of the funds, but she has not provided evidence to overcome the presumption of community property, and acknowledges the bequest was commingled with other funds. *Ingram*, 2005 WL 8159132, at *4 (declining to accept "mere testimony" as sufficient proof that funds were separate property of the non-debtor spouse, even where the non-debtor spouse presented a copy of a deposited check from a trust purportedly connected to her deceased parents' estate).

Even if the Court were to consider Exhibit 2, the statements only reflect interest that accrued on the account during the past three quarters. (ECF No. 238, Ex. 2). The Exhibit provides no evidence from which tracing may be established. *Levesque v. Levesque*, No. 04-05-00146-CV, 2006 WL 47044, at *2 (Tex. App.—San Antonio Jan. 11, 2006, no pet.) (declining to find that funds in an account were separate property where there was no evidence that traced the source of the funds).

Further, because Winnie acknowledges that Account 3052 contains "various funds" in addition to the bequest, any separate funds would be commingled and thus presumably community property, unless she showed they are separate property by tracing, which she made no attempt to do. *Whorrall*, 691 S.W.2d at 35; *see also* ECF No. 238 at 2.

    D. **Account 2347**

The Andersons claim that the funds in Account 2347 are "primarily" Winnie Anderson's personal earnings, only half of which are subject to garnishment as her sole management community property. (ECF No. 236 at 1–2); *see also* Tex. Fam. Code § 3.102(a). When the sole management property of one spouse is commingled with the other spouse's sole management property, the commingled property is considered to be jointly managed property, absent a written agreement to the contrary. *United States v. Loftis*, 607 F.3d 173, 179 (5th Cir. 2010) (citing Tex. Fam. Code. § 3.102(b)).

Winnie Anderson's declaration is insufficient to show that Account 2347 contains her personal earnings, and, even so, that they were not commingled with her husband's sole management community property or with other jointly managed property. (ECF No. 238, Ex. 1). They are thus subject to the Defendant's obligation to the Government.

    E. **Defense's Request for a Hearing**

The Andersons request a hearing under 28 U.S.C. Sections 3202 and 3205 to determine what funds are subject to garnishment.  Section 3202(d) permits a defendant to request a hearing on a writ of garnishment, but limits the issues at the hearing to: (1) the probable validity of a claim of exemption by the defendant; (2) compliance with a statutory requirement for the issuance of the writ; and (3) certain issues that pertain to the enforcement of a default judgment.  Only the first issue is potentially relevant here.  The only exemptions applicable to the collection of federal criminal debt are in 18 U.S.C. Section 3613(a), but Terry Anderson does not claim that any of those are applicable here.  *United States v. Elashi*, 789 F.3d 547, 551 (5th Cir. 2015).  Thus, no hearing is required under Section 3202.  *United States v. Rudluff,* No. 3:18-CR-101-D(01), 2019 WL 5256872, at *2 (N.D. Tex. Oct. 16, 2019); *United States v. Gutierrez*, No. SA-17-CR-00871-OLG, 2019 WL 3229176, at *3 (W.D. Tex. July 18, 2019); *United States v. Place*, No. 00-30043-01, 2018 WL 3354971, at *5 (W.D. La. June 18, 2018).

Under Section 3205, a hearing is required when the defendant files an objection to the garnishee's answer and satisfies other procedural requirements.  28 U.S.C. § 3205(c)(5); *see also FTC v. Namer*, No. 06-30528, 2007 WL 2974059, at *7 (5th Cir. Oct. 12, 2007).  An objection to the characterization of property as separate or community property is not an objection to the garnishee's answer, but to the garnishment generally.  *United States v. Ingleman*, No. 3:12-CV-1597-B, 2013 WL 12137733, at *3 (N.D. Tex. June 26, 2013).  Whether certain community property is exempt from garnishment is an issue of law, based on the facts before the Court, for which no hearing is required.  *United States v. Banks*, No. 3:11-CV-3523-L, 2013 WL 357823, at *3 (N.D. Tex. Jan. 10, 2013), *report and recommendation adopted*, No. 3:11-CV-3523-L, 2013 WL 359369 (N.D. Tex. Jan. 30, 2013).  The evidence before the Court does not overcome the legal presumption that all of the garnished property is Defendant's separate property or jointly

8

managed community property, and thus no hearing is required. Thus, the request for a hearing is denied.

For the aforementioned reasons, the Objection to Answer of Garnishee and Motion to Quash Writ of Garnishment (ECF No. 236) are **DENIED**, and the Motion to Strike and for Final Order of Garnishment (ECF No. 239) are **GRANTED**.

**SO ORDERED**.

July 29, 2020.

_____
BARBARA M. G. LYNN
CHIEF JUDGE