IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Case Number: 3:17-CR-00222-M |
| | § | |
| TERRY LYNN ANDERSON (1) | § | |
| ROCKY FREELAND ANDERSON (2), | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR NEW TRIAL**

Before the Court is the Motion for New Trial (ECF No. 267), filed by Terry Lynn Anderson and Rocky Freeland Anderson. For the following reasons, the Motion is DENIED.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Defendants Terry Lynn Anderson and Rocky Freeland Anderson were each charged with one count of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349; ten counts of health care fraud and aiding and abetting health care fraud in violation of 18 U.S.C. §§ 1347 and 2; and four counts of aggravated identity theft and aiding and abetting aggravated identity theft in violation of 18 U.S.C. §§ 1028A and 2. The case involved fraudulently billing Blue Cross Blue Shield of Texas ("BCBS") for hearing aids. Superseding Indictment (ECF No. 26). On March 8, 2018, a jury convicted Terry Anderson of Counts One – Fifteen, and Rocky Anderson of Counts One – Four, Six, and Eight – Fifteen of the Superseding Indictment. The Court later found there was insufficient evidence to convict the Defendants on Counts One and Eight, acquitted the Defendants of those counts, and entered judgment on the other counts of conviction. The Defendants appealed to the Fifth Circuit, and the Fifth Circuit affirmed the

1

judgment (ECF Nos. 252–53). The Defendants now move for a new trial under Federal Rule of Criminal Procedure 33(b), claiming newly discovered evidence.

## II.    LEGAL STANDARD

To be entitled to a new trial under Rule 33(b) based on newly discovered evidence, a defendant must prove that "(1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence if introduced at a new trial would probably produce an acquittal. *United States v. Wall*, 389 F.3d 457, 467 (5th Cir. 2004). Rule 33(b) requires that a motion for a new trial based on newly discovered evidence be "filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). Motions for a new trial based on new evidence are "disfavored and reviewed with great caution." *United States v. Dickerson*, 909 F.3d 118, 125 (5th Cir. 2018).

## III.    ANALYSIS

The Defendants' Motion for a New Trial is untimely under Rule 33(b)(1), and Defendants have not met the standard of excusable neglect set out in Federal Rule of Criminal Procedure 45(b)(1)(B) to extend a requirement that an act be done within a specified time period.[1]

### a. The Motion for a New Trial is Untimely

The Defendants filed this Motion for New Trial on January 11, 2022, three years and ten months after the jury returned its verdict. Thus, the Motion is untimely under Rule 33(b).

---

[1] The Court assumes Rule 45(b) can extend a Rule 33(b) deadline, but has found no authority saying so.

The time to file a motion for new trial cannot be extended here, under Rule 45, because Defendants have not shown excusable neglect.  Rule 45 permits a court, on its own, or for good cause on a party's motion, to extend the time to file a motion for new trial "after the time expires if the party failed to act because of excusable neglect."  Fed. R. Crim. P. 45(b)(1).  Excusable neglect is determined by (1) the danger of prejudice to the nonmoving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.  *See United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993).

The excusable neglect factors weigh against the Defendants in this case.  First, the Government would be prejudiced because a retrial would impose substantial costs of time, money, and prosecutorial resources.  The Defendants were charged with committing fraud between 2011 and 2014; in the intervening years, witnesses may have moved or died, and memories likely faded over time. *Brecht v. Abrahamson*, 507 U.S. 619, 621, (1993).  The length of delay would affect a new trial negatively for the same reasons. The Defendants argue that the Government would not be prejudiced by a retrial because the "evidence will be readily available for them," and claim the Government has not shown specific prejudice. Mot. at 7.  The Government had more than 38 potential witnesses, who testified or were interviewed about events that took place over a decade ago, and at least one of them is now dead.  Witness List (ECF No. 74); Resp. at 4 n.2.  It is reasonable to assume that the surviving witnesses' memories of the events in issue have diminished and would continue to deteriorate until a new trial occurred.  These factors significantly prejudice the Government.

Defendants have not provided a sufficient reason for the delay. They contend they filed the Motion late because newly discovered evidence became available only recently. As discussed further below, that purported evidence would not be admissible. The Defendants state that they acted in good faith, but do not demonstrate that they did so, and the other factors weigh heavily against them. Thus, the Court finds the Motion untimely, and that Defendants have not shown excusable neglect that would justify a Rule 45 extension.

### b. The Motion Fails on the Merits

Even if the Court reached the merits, the Motion would be denied. The Defendants were convicted of health care fraud for submitting insurance claims for hearing aids that were medically unnecessary and for which Defendants did not conduct the requisite examinations. *See* Verdicts (ECF Nos. 99–100); Superseding Indictment ¶ 15. The Defendants contend that two pieces of information constitute newly discovered evidence that, if admitted, would result in an acquittal: first, they cite the end, in January 2022, of a DOJ criminal investigation into the hearing aid company, Eargo, Inc.; and second, they reference an FDA rule proposed in October 2021, that would permit some hearing aids to be sold over-the-counter, without requiring an examination by a professional. Mot. Exs. A, B. None of this information is relevant to the Defendants' convictions, would not be admitted at trial, would not require *Brady*/*Giglio* production, and thus, would not "probably produce an acquittal." *Wall*, 389 F.3d at 467.

The unrelated investigation into Eargo is not new evidence that would entitle Defendants to a new trial. Defendants attach to the Motion several news articles reporting that Eargo announced in an SEC filing in 2021 that it was the target of a DOJ investigation into insurance reimbursement claims it had submitted on behalf of its customers, stating in 2022 that DOJ had concluded its criminal investigation of Eargo, and referred the investigation to the civil division

4

of the U.S. Attorney's Office. Mot. Ex. A. Defendants contend that the Government has access to evidence underlying DOJ's decision not to prosecute Eargo criminally that would exculpate Defendants, because Defendants were also investigated for insurance fraud due to submissions for reimbursement for hearing aids.

The Government may choose to reach a civil resolution in one case and a criminal resolution in another, based on a variety of reasons, including the strength of the case, deterrence, and the Government's enforcement priorities. *Wayte v. United States*, 470 U.S. 598, 607 (1985). Under *Brady v. Maryland*, the Government is not required to disclose evidence in its possession of an unrelated prosecution, and particularly, not conjecture about evidence that might exist in the Eargo matter. *See generally United States v. Schmidt*, 229 F.3d 1148 (5th Cir. 2000). Evidence from an unrelated DOJ investigation in 2021-2022 is not relevant to the Defendants' actions, state of mind, and criminal intent during 2011-2014, which was the subject of this case.

The second alleged new evidence, a proposed FDA rule that would establish a new category of hearing aids that could be sold over-the-counter, without a hearing test, also does not constitute evidence that would entitle Defendants to a new trial. First, a change in the law does not constitute newly discovered evidence for the purposes of Rule 33(b). *United States v. King*, 735 F.3d 1098, 1108–09 (9th Cir. 2013); *cf. Gonzalez Hernandez v. Garland*, 9 F.4th 278, 285 (5th Cir. 2021) (statute permitting a motion to reopen based on new facts or evidence did not include changes in law); *Del Rio Distrib., Inc. v. Adolph Coors Co.*, 589 F.2d 176, 178 (5th Cir. 1979) (change in law during trial did not entitle defendant to new trial). Even if it did, the proposed rule is not relevant to Defendants' fraud scheme, because Defendants were not selling over-the-counter hearing aids, but rather, were providing traditional hearing aids, subject to

reimbursement by insurance companies. The proposed FDA rule would not be admissible at trial, and therefore would not result in an acquittal; thus, the Motion fails on the merits.

### IV.  CONCLUSION

Because Defendants' Motion for a New Trial was untimely, and further did not cite newly discovered admissible evidence which would probably result in an acquittal of Defendants, the Motion for New Trial is DENIED.

**SO ORDERED**.

April 15, 2022.

_____
BARBARA M. G. LYNN
CHIEF JUDGE